818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph D. STOUT, Joseph D. Stout, Personal representative of
the Estate of Henry W. Stout, Deceased, c/o Robert
S. Bourbon, Esquire, Appellants,
v.
HOME LIFE INSURANCE COMPANY, Appellee.
 No. 86-1185.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 3, 1987.
Decided April 28, 1987.
 
 Before RUSSELL and ERVIN, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 James Andrew Sullivan (Sullivan & Talbot; Robert S. Bourbon; Bourbon & Horton on brief) for appellants.
 John Snowden Stanley, Jr. (Joseph P. Gill; Semmes, Bowen & Semmes on brief) for appellee.
 PER CURIAM:
 
 
 1
 Joseph D. Stout, individually and as personal representative of his deceased brother, sued Home Life Insurance Company ("Home") to recover the face amounts of four life insurance policies originally purchased by Stout's brother. In its cross-motion for summary judgment, Home opposed Stout's claims on the ground that Stout's brother had terminated all four policies for their cash surrender values before his death. Stout asserted in his cross-motion that the Maryland Dead Man's Statute, Md. Cts. & Jud. Proc. Code Ann. Sec. 9-116, barred consideration of evidence tending to establish that Maryland or District of Columbia law governed construction of the insurance policies at issue rather than the law of New York. Stout further contended that Maryland or District of Columbia courts would apply the New York rule that Stout's brother could not have terminated the policies because they were not in default at the time they were surrendered. Stout appeals from the district court's ruling in favor of Home. We affirm.
 
 
 2
 The district court thoroughly analyzed the facts and law to determine that Stout's brother effectively terminated the four life insurance policies prior to his death. We think the district court correctly decided the issues necessary to this determination. We therefore affirm for the reasons set forth in the district court's memorandum and order. Stout v. Home Life Insurance Co., Civ. No. H-85-4172 (D. Md. Jun. 23, 1986).
 
 AFFIRMED